OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.


The Cleveland Bar Association v. Lavallo.
[Cite as Cleveland Bar Assn. v. Lavallo (1993),          Ohio
St.3d          .]
Attorneys at law -- Misconduct -- One-year suspension with six
     months suspended and two-year monitored probation after
     serving six months' actual suspension -- Neglect of an
     entrusted legal matter -- Failure to carry out contract
     for professional services -- Conduct involving fraud,
     deceit, dishonesty or misrepresentation -- Failure to
     cooperate with investigation of misconduct.
     (No. 93-843 -- Submitted June 15, 1993 -- Decided
September 15, 1993.)
     On Certified Report by the Board of Commissioners on
Grievances and Discipline of the Supreme Court, No. 92-15.
     Relator, Cleveland Bar Association, charges respondent,
Frank J. Lavallo, Jr. of South Euclid, Ohio, Attorney
Registration No. 0037899, with four counts of misconduct,
including violations of DR 6-101(A)(3) (neglect of an entrusted
legal matter), 7-101(A)(2) (failure to carry out contract for
professional services), and 1-102(A)(4) (conduct involving
fraud, deceit, dishonesty or misrepresentation), and Gov. Bar.
R. V(5)(a), now Gov.Bar.R. V(4)(G) (failure to cooperate with
investigation of misconduct).  The matter was heard by a panel
of the Board of Commissioners on Grievances and Discipline of
the Supreme Court on September 18, 1992.
     With respect to the first count of misconduct, relator
alleged that Steven Jerrick retained respondent in December
1988 to obtain a tax release on his deceased mother's checking
account and to perform other tasks related to her estate.
Jerrick paid respondent a $150 retainer and promised to pay an
additional $200 when the work was completed.  Respondent failed
to take any action on Jerrick's behalf and did not respond to
Jerrick's inquiries about his progress.  At the hearing before
the panel, respondent stipulated that his inaction violated DR
6-101(A)(3) and 7-101(A)(2).
     In the second count, relator alleged that Roy Hill
retained respondent in February 1990 to arrange the transfer of
certain real estate.  Hill mailed respondent a check for $300

to cover his fees. Respondent did not respond to Hill's inquiries about his progress, although respondent later refunded Hill's money after the certified grievance committee's finding of probable cause. Respondent stipulated at the hearing that his inaction violated DR 6-101(A)(3) and 7-101(A)(2).

In the third count, relator alleged that respondent failed to respond to attempts to contact him about the Jerrick and Hill complaints and that respondent had to be subpoenaed to answer the certified grievance committee's questions.[1] Respondent also stipulated at the hearing that he had failed to cooperate with the investigation of his misconduct.

With respect to the fourth count of misconduct, relator alleged that Roberta Scarcelli retained respondent in February 1990 to represent her during her divorce and that she paid respondent the retainer he requested. In April 1990, respondent asked Scarcelli to meet him for a hearing to be held in the domestic relations court. After conferring with someone in a referee's office, respondent advised Scarcelli that her divorce was approved and final.

Two months later, Scarcelli still had not received papers documenting the divorce. She called respondent, who advised her that the papers would arrive soon. Thereafter, however, respondent began to break appointments with Scarecelli. When Scarecelli threatened to complain to relator, respondent confessed that he had misled her about her divorce becoming final. Scarcelli retained other counsel who discovered that respondent had never filed her divorce action. At the hearing, respondent acknowledged his having made a false statement to Scarcelli, as well as his failure to perform and neglect.

Based on the foregoing, the panel found that respondent violated DR 6-101(A)(3), 7-101(A)(2), and 1-102(A)(4), and former Gov.Bar.R. V(5)(a). Finding no evidence of mitigation, the panel recommended that respondent be suspended from the practice of law for one year, but that six months of the one-year suspension be stayed, and that respondent be monitored for a period of two years following the six months' actual suspension. The panel further recommended that respondent be ordered to comply with all continuing education requirements while subject to this sanction. The board adopted the panel's findings and its recommendation, except that it said nothing about continuing legal education and further recommended that respondent be ordered to pay restitution to Scarcelli.

Michael E. Murman, E. John Brzytwa and Dale LaPorte, for relator.
Frank J. Lavallo, Jr., pro se.

Per Curiam. We agree with the board's findings and its recommendation. Accordingly, we order that respondent be suspended from the practice of law in Ohio for one year. Six months of that year are suspended, however, and respondent is to be placed on monitored probation for a period of two years after serving the six months' actual suspension. Moreover, respondent must make restitution to Scarecelli before resuming practice under monitored probation. Costs taxed to respondent.
Judgment accordingly.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.

FOOTNOTE
1    Respondent appeared before the committee in October 1990 and suggested that his medical affliction, Graves' disease, interfered with his representation of these clients.  At the hearing, however, respondent stipulated that "neither the disease nor its symptoms affected his ability to practice law or in any way prevented him from attending to the legal matters entrusted to him by Jerrick and Hill."